UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTAN WELCH,

    Plaintiff,

v.                                                                          Case No: 8:20-cv-256-T-36CPT

RAC ACCEPTANCE EAST, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss and/or Stay Case and to Compel Arbitration (Doc. 10), and Plaintiff's response thereto (Doc. 13). In the motion, Defendant indicates that the parties formed a valid and enforceable agreement to arbitrate the claims alleged in the Complaint, and requests that this Court compel arbitration and stay or dismiss this case. Doc. 10. In his response, Plaintiff does not dispute that the parties formed a valid arbitration agreement, but states that the parties have conferred and agreed that staying the action, rather than dismissing it, is proper. Doc. 13. The Court, having considered the motion and being fully advised in the premises, will grant the Motion to Compel Arbitration and stay this action.

**I.    BACKGROUND**

Plaintiff filed a Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County against Defendant, his former employer, alleging that Defendant discriminated against him based on race and unlawfully retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) ("Title VII"), and the Florida

Civil Rights Act, § 760.10 of the Florida Statutes. Doc. 1-1. Defendant removed the action to this Court and moved to compel arbitration and stay or dismiss this action. Docs. 1, 10.

Defendant submitted copies of two agreements to arbitrate to its Motion to Compel Arbitration. Doc. 10-1 at 4. The first agreement states, in pertinent part, as follows:

> The Company . . . and I mutually understand, contract and agree, through this "Arbitration Agreement," that any and all claims and/or disputes, past, present or future, between me and the Company, arising out of or related to my application for employment, employment and/or the termination of my employment, shall be decided by an arbitrator through arbitration and not by way of court or jury trial. . . . The Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall apply to this Arbitration Agreement. . . . Except for claims that are excluded below, this Arbitration Agreement applies to any and all claims and/or disputes that the Company may have against me or that I may have against: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, and (3) all successors and assigns of any of them. Disputes subject to this Arbitration Agreement include without limitation . . . tort or statutory claims for harassment, retaliation and discrimination (including, but not limited to race, sex, sexual orientation, religion, national origin, age, genetic trait, workers' compensation, marital status, military service, leave status, medical condition, handicap or disability) . . . .

*Id.* Plaintiff e-signed the agreement on July 31, 2014. *Id.* Plaintiff signed a second arbitration agreement on August 8, 2014, that also covers "tort or statutory claims for discrimination (including but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability) . . . ." *Id.* at 5-9.

Defendant moves to compel arbitration on the basis that these are valid arbitration agreements that cover Plaintiff's claims.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., codifies a "liberal federal policy favoring arbitration," and requires the courts to rigorously enforce agreements to arbitrate. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985). That policy rules

out any "judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals," *id.* at 627; and establishes that the courts should resolve doubts concerning the scope of arbitrable issues in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

The Court must first determine whether "the making of the agreement for arbitration or the failure to comply therewith is . . . in issue." 9 U.S.C. § 4. If, under a "summary judgment-like standard," the district court concludes that there "is no genuine dispute as to any material fact concerning the formation of such an agreement," it "may conclude as a matter of law that [the] parties did or did not enter into an arbitration agreement." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017) (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333) (2016) (citation and quotation marks omitted). When a genuine dispute exists, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Similar to a traditional summary judgment motion, the Court's examination of substantive law determines which facts are material. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The "threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.' " *Id.* (quoting *Bazemore*, 827 F.3d at 1329).

The party seeking to avoid arbitration must deny the existence of a valid agreement to arbitrate, identifying some evidence in the record to substantiate that denial. *Magnolia Capital Advisors, Inc. v. Bear Sterns & Co.*, 272 Fed. App'x 782, 785 (11th Cir. 2008). The evidence in the record must be sufficient to render colorable that party's denial of the existence of a valid agreement. *Id.* (quoting *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 819 (11th Cir. 1993)). The

3

district court must resolve all doubt and inferences in the favor of the party denying the existence of a valid agreement. *Id.* at 785-86.

## III. DISCUSSION

Here, Defendant presents evidence that Plaintiff entered into two arbitration agreements, which cover the claims raised by Plaintiff's Complaint. Doc. 10-1. Plaintiff does not present any evidence or dispute that he entered into the agreements or that they are valid. Doc. 13. Accordingly, the Court finds that Plaintiff and Defendant entered into a valid arbitration agreement which requires arbitration of the claims raised by Plaintiff's Complaint.

With respect to a stay versus a dismissal, the FAA provides that the federal courts "shall on application of one of the parties stay" a proceeding where any issue in that proceeding is referable to arbitration. 9 U.S.C. § 3; *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005) ("[T]he FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration under an agreement in writing for such arbitration . . . .' ") (emphasis in original); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."). For this reason, the Court will stay this action pending arbitration. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Dismiss and/or Stay Case and to Compel Arbitration (Doc. 10) is **GRANTED**. Plaintiff is compelled to arbitrate his claims against Defendant as asserted herein.

2. This case is **STAYED** pending the completion of arbitration. The parties shall file a notice informing the Court that the arbitration has been concluded, or that their dispute has otherwise been resolved, within **FOURTEEN (14) DAYS** of either of such event and immediately dismiss this case, if appropriate.

3. The Clerk is directed to terminate all pending motions and deadlines and administratively close this case.

**DONE AND ORDERED** in Tampa, Florida on February 26, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any